UNITED STATES of America, Appellee,

v.

Walter ROBINSON, Appellant.

UNITED STATES of America, Appellee,

v.

Dion ROBINSON, Appellant.

Nos. 93–3326, 93–3328.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1994.

Decided April 25, 1994.

Christopher E. McGraugh, St. Louis, MO, argued, for Walter Robinson.

John F. Gravey, Jr., St. Louis, MO, argued, for Dion Robinson.

Howard J. Marcus, Asst. U.S. Atty., of St. Louis, MO, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Walter Robinson and Dion Robinson were found guilty of conspiracy to distribute cocaine and possession with intent to distribute cocaine. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a) and (b)(1)(B)(ii)(II), 846. Walter Robinson received a sentence of 87 months and Dion Robinson a sentence of 120 months imprisonment. Dion Robinson seeks reversal of his conviction, alleging error in the jury instruction on reasonable doubt, the admission of prejudicial statements, and the overruling of his objection to the prosecutor's exercise of peremptory strikes that kept three of the four black venirepersons off the jury. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Walter Robinson joins the *Batson* challenge to the composition of the jury and also appeals his sentence, claiming that the district court erred in calculating the quantity of drugs involved in the transaction for which he was convicted. We affirm the convictions of Walter Robinson and Dion Robinson but remand for resentencing of Walter Robinson.

I.

The Robinson brothers were arrested as a result of a reverse sting operation in which government agents arranged to sell them cocaine. Sergeant Maria Isabel Gomez, posing as a Colombian drug connection, contacted Walter Robinson and offered to sell him cocaine for $16,500 per kilogram or, in the alternative, $15,000 per kilogram for a purchase of three kilograms. Sergeant Gomez arranged for the Robinsons to meet her and

Detective Daniel Jones at a hotel to complete the transaction. Walter and Dion Robinson arrived with approximately $26,000 and were arrested.

At sentencing, the district court determined that Walter Robinson's base offense level under the sentencing guidelines was 28, which applies to quantities of at least 2.0 but less than 3.5 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(a)(3). Because he had no prior criminal record, the sentencing range for his offense was 78 to 97 months imprisonment. The district court imposed a sentence of 87 months.

Walter Robinson argues that the district court erred in calculating his sentence based on the sale of two kilograms of cocaine because he and his brother had only enough money to purchase less than two kilograms.[1] We agree. Two kilograms of cocaine at the quoted price would have cost $33,000. When the Robinsons arrived at the hotel, they said they had $27,500. In fact, after they were arrested they were found to be carrying only $26,365. This amount included $1,000 that was found on the person of the Robinsons' driver and lookout, who was not charged in the case. Dion Robinson said he could obtain an additional $2,500 at his sister's house. Even if this amount is included in the calculation, the total amount of money available to the Robinsons to buy the cocaine was $28,865, which is less than the amount needed to buy two kilograms.

The district court acknowledged that the money reasonably available to the Robinsons to buy cocaine fell short of even the lower quoted price of $15,000 per kilogram. The court nonetheless found that the amount of money was "close enough" and expressed the "opinion of the Court that it would have satisfied the ultimate intent of both the sellers and the buyers in this case to complete a purchase of two kilograms of cocaine." Sent. Tr. 18–19. In taking account of the parties' intent to make a deal involving two kilograms of cocaine, the court apparently relied on a commentary to the sentencing guidelines that discusses how to calculate a negotiated amount of drugs when the transaction was not completed. The commentary states that "[i]f the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." *See* U.S.S.G. §§ 2B1.1, comment. (n. 12), 2D1.4, comment. (n. 1).[2]

Reliance on that commentary is improper here, however. First, the commentary by its terms applies when the defendant is the seller or distributor, not the buyer, which was Walter Robinson's role in this transaction. Second, even if one applies the commentary to the buyer here, the record shows that Robinson "did not intend to produce and was not reasonably capable of producing the negotiated amount" of money for this transaction, so that under the logic and language of the commentary the court would have to exclude from its calculations that portion of the drugs for which the buyer was unable to pay. *See id.*

Under the circumstances presented here, it is irrelevant that the Robinsons expressed a desire to buy two or more kilograms of cocaine. The record shows, and the district court found, that the Robinsons did not have enough money to buy two kilograms at the negotiated price. Had the government agents been actual drug sellers or had circumstances unfolded differently, the negotiations may well have proceeded to a point where the sellers agreed to transfer two kilograms for less than the originally negotiated price. That did not happen here, however, and we are left with the inescapable

---

**1.** The following analysis does not affect the sentence of Dion Robinson because he was sentenced pursuant to the statutory minimum of 120 months due to his prior offenses. *See* U.S.S.G. § 5G1.1(c)(2); 21 U.S.C. § 841(b)(1)(B).

**2.** The relevant portion of the text reads:
If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

conclusion that Walter Robinson only had the means to buy some quantity of cocaine less than two kilograms. We therefore find clear error in the district court's calculation of Walter Robinson's sentence based on a quantity of two kilograms of cocaine, *see United States v. Williams,* 994 F.2d 1287, 1293 (8th Cir.1993), and hold that his sentence must be recalculated using a base offense level of 26, rather than 28, to reflect a quantity of cocaine less than two kilograms, which results in an imprisonment range of 63 to 78 months.

## II.

After carefully reviewing the Robinsons' remaining arguments challenging their convictions, we conclude that they are without merit. Accordingly we affirm the judgments of conviction for Walter and Dion Robinson but remand for resentencing of Walter Robinson.